*E-Filed 5/17/12*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

MOHAMMED ABEDI,            No. C 12-1437 RS (PR)

    Petitioner,                  **ORDER OF DISMISSAL**

    v.

RANDY GROUNDS,

    Respondent.

_____/

    Petitioner has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 in which he alleges that the California Board of Parole Hearings violated his right to due process when it denied him parole in 2006 and 2010. According to petitioner, the Board failed to give due weight to his feasible plans for a post-release life in his native Iran.

    The petition fails to state a claim upon which federal habeas relief can be granted. In the parole context, a prisoner received constitutionally adequate process when "he was allowed an opportunity to be heard and was provided a statement of the reasons why" parole was denied. *Swarthout v. Cooke*, 131 S.Ct. 859, 862 (2011). "The Constitution does not require more." *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 16 (1979). The Constitution does not even require an inquiry into whether

California's procedures produced the result the evidence required. *Cooke*, 131 S.Ct. at 862. In the instant matter, the record shows that petitioner received at least the required amount of process. That the Board may have given insufficient attention or weight to his parole plans is not relevant on federal habeas review. Accordingly, the petition is DISMISSED.

A certificate of appealability will not issue. Reasonable jurists would not "find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner may seek a certificate of appealability from the Court of Appeals. The Clerk shall enter judgment in favor of respondent, and close the file. Petitioner has paid the filing fee.

Petitioner also seeks by way of the instant petition to ask for voluntary departure or removal because he alleges that he is subject to deportation to Iran following his release from state prison. The instant petition is not the means by which such a request can be made. Petitioner must direct such request to the United States Department of Homeland Security.

**IT IS SO ORDERED**.

DATED: May 17, 2012

RICHARD SEEBORG
United States District Judge